Dear Mr. Daniel:
This letter is in response to your predecessor's request for an opinion as to the meaning of certain language in § 590.140, RSMo 1978, and your responsibilities in connection therewith.
Section 590.140, RSMo 1978, provides as follows:
 1. A fee of up to two dollars may be assessed as costs in each court proceeding filed in any court in the state for violations of the general criminal laws of the state, including infractions, or violations of county or municipal ordinances, provided that no such fee shall be collected for nonmoving traffic violations, and no such fee shall be collected for violations of fish and game regulations, and no such fee shall be collected in any proceeding in any court when the proceeding or defendant has been dismissed by the court. For violations of the general criminal laws of the state or county ordinances, no such fee shall be collected unless it is authorized by the county government where the violation occurred. For violations of municipal ordinances, no such fee shall be collected unless it is authorized by the municipal government where the violation occurred. Such fees shall be collected by the official of each respective court responsible for collecting court costs and fines and shall be transmitted monthly to the treasurer of the county where the violation occurred in the case of violations of the general criminal laws of the state or county ordinances and to the treasurer of the municipality where the violation occurred in the case of violations of municipal ordinances.
 2. Each county and municipality may use funds received under this section only to pay for the training required as provided in sections 590.100 to 590.150, provided that any excess funds not needed to pay for such training may be used to pay for additional training for peace officers or for training for other law enforcement officers employed or appointed by the county or municipality.
In conjunction with subsection 2, you ask whether the Department of Public Safety has any responsibility for approving the training received with excess funds, auditing these funds, or issuing rules and regulations regarding these funds and the additional training.
In our opinion, the answer is no. Section 590.105, RSMo 1978, makes it clear that the responsibility of the Director of the Department of Public Safety under §§ 590.100 to 590.150
is to establish certain minimum mandatory standards for the selection and training of peace officers. Section 590.120, RSMo 1978, requires the Director to adopt published regulations pertaining to the establishment of minimum standards. Section590.135(1), RSMo 1978, authorizes the Director to visit and inspect any certified law enforcement training school within the state for the purpose of determining whether or not the minimum standards established pursuant to the chapter are being met. Subsection 2 of § 590.140 requires each county and municipality to use the funds received under that section only to pay for the minimum training required under §§ 590.100 to590.150. However, each county and municipality may use any excess funds not needed to pay for the minimum mandatory training for such additional training as it sees fit. This is in keeping with subsection 2 of § 590.105, RSMo 1978, which authorizes peace officers within this state to adopt standards which are higher than the minimum standards set forth by the Director of the Department of Public Safety. In view of this, and in the absence of specific authority, the Director has no responsibility with respect to the excess funds or the type of training received therewith.
Your next questions deal with the language in subsection 1 of § 590.140, RSMo 1978, which provides that no fee shall be exacted for nonmoving traffic violations. Specifically, you ask what would be considered a moving violation, and whether or not "commercial motor vehicle violations" constitute moving or nonmoving violations.
The term "moving violation" is used in Chapter 302 to determine whether or not an assessment of points can be levied against a driver's license by the Director of Revenue. It is defined in § 302.010(10), RSMo 1978, as follows:
 (10) `Moving violation', that character of traffic violation where at the time of violation the motor vehicle involved is in motion, except that the term does not include the driving of a motor vehicle without a valid motor vehicle registration license, or violations of sections 304.170
to 304.240, RSMo, inclusive, relating to sizes and weights of vehicles;
Also, attached are three Attorney General's opinions which discuss the term and its meaning, Opinion No. 72, issued March 17, 1966, to the Honorable Thomas A. David; Opinion No. 98, issued March 24, 1966, to the Honorable Robert P. Warden; and Opinion No. 119, issued January 9, 1968, to the Honorable Thomas A. David. The definition in Chapter 302 and the discussion of the term in these opinions should be sufficient for your purposes.
By the use of the term "commercial motor vehicle violations," we assume you mean those violations involving improper motor vehicle registration of commercial vehicles or violation of the weight and length laws contained in Chapter 304. Such violations are expressly excluded from the definition of "moving violation" set forth above and, therefore, would constitute nonmoving violations.
Finally, you ask whether the excess funds mentioned in subsection 2 of § 590.140 could be paid to a separate party such as the Missouri Sheriff's Association, Missouri Police Chiefs or Missouri Peace Officer's Association with the object of having those entities contract with a certified academy to have training provided to the officers in the contributing departments. We must decline to answer these questions for you. As stated above, it is our opinion that excess funds available under this subsection may be used by each county or municipality to pay for additional training for peace officers or for training other law enforcement officers employed by the county or municipality in any legal way the county or municipality sees fit. The Director of the Department of Public Safety has no control over these funds or the manner in which they are used. For this reason, we do not determine whether any particular use of such funds is proper. However, use of such funds might be invalid in a particular case if such use amounts to an illegal delegation of sovereign power.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Att'y Gen. Op. No. 72, David, 3/17/66 Att'y Gen. Op. No. 98, Warden, 3/24/66 Att'y Gen. Op. No. 119, David, 1/9/68